IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY BEER and SHARON BEER,

                    Plaintiffs,

    v.

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

                    Defendant.

OPINION AND ORDER

19-cv-306-wmc

Plaintiff Larry Beer and Sharon Beer assert breach of contract and bad faith claims against their insurer, defendant the Travelers Home and Marine Insurance Company ("Travelers"), for refusing to cover hail damage to their home. Before the court is plaintiffs' motion to certify the appraisers' award, limit discovery, and enter judgment on the pleadings. (Dkt. #10.) For the reasons that follow, the court will deny this motion.

BACKGROUND[1]

Plaintiffs Larry and Sharon Beer reside at 610 10th Street, Fenimore, Wisconsin. Defendant Travelers issued a policy of insurance to plaintiffs, which insured this property from damages for the period February 28, 2017, through February 28, 2018 ("the Policy"). (Compl., Ex. A (dkt. #9-3).) The Policy contains an "Appraisal" clause that provides in relevant part:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days

---

[1] For purposes of judgment on the pleadings, the following undisputed facts are taken from the parties' pleadings and referenced documents and viewed in a light most favorable to the non-moving party. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012)).

after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:
a. Pay its own appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

(Compl., Ex. C (dkt. #9-5).)

On March 23, 2017, a storm caused damage to the Beers' property. Travelers admits that the Policy covers storm damages occurring during the policy period subject to all terms, conditions, limitations and exclusion, but denies that any storm damage occurring outside of the policy period is covered under the Policy.

On April 5, 2017, the Beers provided notice to Travelers of their insurance claim. Travelers' adjuster inspected the Beers' home and provided an estimate. The Beers' disagreed with the estimate and invoked the Appraisal clause. The Beers designated David Miller and Travelers designated Herb Virella as appraisers. Virella prepared a detailed "Appraisal," dated August 7, 2018, which lists the replacement cost as $71,950.84 and the actual cash value as $60,362.96. (Compl., Ex. D (dkt. #9-6) 2-8.) Miller also prepared an "Appraisal Award," dated August 30, 2018, which lists the replacement cost as $71,950.84 and the actual cash value as $60,362.96. (*Id.* at 1.) Travelers viewed Virella's submission to be a "draft appraisal award." (Def.'s Answ. (dkt. #6) ¶ 11.) Regardless, as

it was apparently identical to Virella's submission, the Beers demanded payment of the amount set forth in Miller's report, but Travelers refused to pay.

In its answer denying liability, Travelers states that "upon learning of numerous hail storms that occurred after the policy period and after Plaintiffs' continued refusal to agree . . . on the scope of the appraisal, . . . Travelers instructed its appraiser to suspend the appraisal until Plaintiffs responded to Travelers' inquiries regarding the scope of appraisal." (*Id.* ¶ 12.) Travelers also asserts affirmative defenses for: (1) wear and tear, deterioration and marring limitation; (2) faulty maintenance exclusion; (3) actual cash value; (4) appraisal value; (5) duty to cooperate; (6) laches; (7) comparative fault; and (8) failure to state a claim.

OPINION[2]

In its motion, plaintiffs principally seek: (1) "[a]n order certifying and affirming the parties' appraisers' award setting the amount of property loss incurred by Plaintiffs as a result of the March 23, 2017 storm"; and (2) "judgment on the pleadings in favor of Plaintiffs." (Pls.' Mot. (dkt. #10) 1.)[3] A motion for judgment on the pleadings under Rule

---

[2] This case was originally filed in the Circuit Court of Grant County, Wisconsin. Defendant timely removed it to the court pursuant to 28 U.S.C. §§ 1332, 1441. Plaintiffs insureds are citizens of Wisconsin; defendant insurer is a citizen of Connecticut. (Not. of Removal. (dkt. #1) ¶¶ 2-3.) The amount in controversy exceeds $75,000. (*Id.* ¶ 7.) Accordingly, the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

[3] Plaintiffs also seek a stay of discovery pending a decision on this motion, and in the event the motion is denied, "an order denying further unnecessary/expensive discovery into the appraisal process and/or appraisal awards." (Pls.' Mot. (dkt. #10) 1.) Plaintiffs' request to stay discovery pending a decision on this motion will be denied as moot. As for plaintiffs' prospective request, plaintiffs are free to seek a protective order prohibiting discovery that they view as "unnecessary/expensive," but the court cannot make that determination without a discovery request presented for consideration. As such, that request will also be denied.

12(c) is reviewed under the same standard as Rule 12(b)(6), except that the court considers not only the complaint and referenced documents, but all pleadings, as well as documents that are incorporated into *any* pleading by reference. *Buchanan-Moore v. City of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). To succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved," despite the court viewing all facts in the light most favorable to the nonmoving party. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). While the non-moving party's factual allegations are, therefore, generally accepted as true in response to a 12(c) motion, "allegations in the form of legal conclusions are insufficient to survive." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012)).

The parties agree that Wisconsin state law governs plaintiffs' claims. In *Farmers Auto Insurance v. Union Pacific Railway Company*, 2009 WI 73, 319 Wis. 2d 52, 768 N.W.2d 596, the Wisconsin Supreme Court considered an appraisal provision similar to that at issue in this case. Because the appraisal provision is "grounded in the principles of contract interpretation," that court explained that:

> An appraisal process is an agreement by parties to a contract to allow third party experts to determine the value of an item. The court's role is not to determine whether the third party experts accurately valued the item (as if the court itself could do better job), but whether the third party experts understood and carried out the contractually assigned task. The obvious point of contracting for an appraisal process is to keep a jury or court out of that decision. Courts have an obligation to enforce this aspect of an agreement between parties by asserting only limited power to review appraisal awards.

*Id.* ¶ 42. Because appraisals are "presumptively valid," the court further explained they

"may be set aside only upon the showing of fraud, bad faith, a material mistake, or a lack of understanding or completion of the contractually assigned task." *Id.* ¶ 44.

Plaintiffs contend that the pleadings demonstrate: (1) the Beers invoked the appraisal process; (2) both parties selected an appraiser with the Beers designating David Miller and Travelers designating Herb Virella; and (3) both appraisers submitted written reports setting the same amount of loss.[4] In response, defendant posits two core arguments. *First*, the appraiser did not issue a "written report of an agreement to us" as required under the policy. (Def.'s Opp'n (dkt. #12) 5 (quoting Compl., Ex. C (dkt. #9-5).) Instead, defendant contends that the pleadings reveal two appraisals, one of which is not signed by Travelers' appraiser Virella. While defendant acknowledges that no court has defined the term "written report of an agreement" in the context of an appraisal provision, courts have required, in other legal contexts, that the term "written agreement" requires a signed writing. (*Id.* at 5-6 (citing case).) To the extent this term is ambiguous, the court agrees with plaintiff that it "should be construed against the insurance company that drafted the policy," *Frost ex rel. Anderson v. Whitbeck*, 2002 WI 129, ¶ 19, 257 Wis. 2d 80, 654 N.W.2d 225, providing a reasonable basis for finding that an unsigned appraisal report satisfies the requirement of a "written report of an agreement" or that the appraisers' submission of identical, signed appraisal amounts to be same thing. The court, however, need not fully resolve this issue because defendant's other challenge to the motion has merit.

---

[4] The pleadings do not reflect whether the appraisers selected an umpire, but the court agrees with plaintiffs that this provision appears immaterial in light of the appraisers' appearing to agree on the amount of loss, making the selection of an umpire to settle any dispute wholly unnecessary.

*Second*, defendant alleges in its answer that its appraiser's report was in "draft form" and that, in any event, it asked Virella to suspend his report based on new information defendant had received suggesting that the damage occurred outside of the coverage period. In its response, plaintiffs argue that there is "no credible evidence" to support defendant's allegations, but this is not the standard for deciding their motion for judgment on the pleadings. Instead, as noted, plaintiffs must demonstrate that "there are no material issues of fact to be resolved," even with the court viewing all facts in the light most favorable to the nonmoving party. *N. Ind. Gun & Outdoor Shows,* 163 F.3d at 452. Nevertheless, plaintiffs persist that defendant has not specifically alleged that another hail storm outside of the coverage period caused damage to plaintiffs' home; rather, defendant has only alleged that it "learn[ed] of numerous additional hail storms that occurred after the policy period." (Pl.'s Reply (dkt. #13) 4.) As the non-moving party, however, the court must construe all reasonable inferences in defendant's favor, and it is reasonable to infer that those "numerous additional hail storms" may have impacted plaintiffs' property.

Plaintiff also urges the court to not look beyond the "face of the award" in deciding its motion for judgment on the pleadings and to affirm the appraisal award. (Pl.'s Reply (dkt. #13) 2 (citing *Farmers Auto Ins.*, 2009 WI 73, ¶ 45).) As defendant points out, however, the appraisal provision is limited to determining the amount of loss, *not* challenges to coverage. (Def.'s Opp'n (dkt. #12) 7 (citing *St. Croix Trading Co./Direct Logistics, LLC. v. Regent Ins. Co.*, 2016 WI App 49, ¶ 7, 370 Wis. 2d 248, 882 N.W.2d 487; *Farmers Auto Ins.*, 2009 WI 73, ¶ 42).) Here, defendant is raising a challenge to whether the damage to the property (or at least the full claim of damage) occurred during the coverage period.

Based on the allegations in its answer, the court cannot conclude that there are no material issues of fact to be resolved.

Ultimately, plaintiffs may very well demonstrate that defendant had determined there was coverage before the appraisal process was invoked or did not raise its challenge to the claimed damage period timely -- either of which would appear to make Virella's report final and prevent defendant from suspending or otherwise unwinding the appraisal process -- but this will require development of a factual record.

ORDER

IT IS ORDERED that plaintiff Larry and Sharon Beers' motion for judgment on the pleadings, certification of appraisers' award, and request for a stay (dkt. #10) is DENIED.

Entered this 27th day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge