IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LARRY BEER and SHARON BEER,

                      Plaintiffs,                      OPINION AND ORDER

v.

                                                  19-cv-306-wmc

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

                      Defendant.

This civil case is set for trial commencing October 5, 2020, with plaintiffs Larry and Sharon Beer asserting breach of contract and bad faith claims against defendant, their insurer, The Travelers Home and Marine Insurance Company. The court issues the following opinion and order addressing the parties' respective motions *in limine* and related motions in advance of the final pretrial conference to be held on September 24, 2020.

OPINION

I. Plaintiffs' Motions *in Limine*

    A. MIL No. 1: exclude testimony and evidence related to the Benchmark Hail History Report

Plaintiffs seek to exclude a report that defendant attached to its summary judgment proposed findings of facts, a document titled "Benchmark Hail History Report." (Dkt. ##29-24, 39-24.) The document is neither sworn nor notarized, and it was not identified by an affidavit or in a deposition.

In response, defendant represents that its claim professional Kimberly Burnell is familiar with the report, having received it on September 10, 2018, and that she used it in

reviewing plaintiffs' insurance claim. Furthermore, she testified at her deposition, that the Benchmark Hail History report, marked at Exhibit 23, is an authentic copy of the report that she reviewed. Travelers also represents that the report was created by Verisk Risk Solutions, and is commonly obtained and kept in the regular course of Travelers' business in investigating hail claims.

The court concludes that Travelers has provided a sufficient basis to authenticate the document through Bushnell's testimony. Moreover, to the extent there is a hearsay objection, Travelers has presented at least a basis for finding that it falls within the business record exception under Federal Rule of Evidence 803(6). At minimum, the court agrees with Travelers that the report could be admitted for purpose of considering Bushnell's state of mind, which, in turn, may be relevant to the bad faith claim. Accordingly, this motion is DENIED.

**B. MIL No. 2: exclude testimony and the report of Jason R. Webster, Ph.D.**

Next, plaintiffs seek to exclude defendant's expert, Jason R. Webster. Webster completed a report entitled "Forensic Investigation of the Site-specific Meteorological Conditions" at plaintiffs' residence, in which he investigated hail storms between February 26, 2017, and May 31, 2018. In the report, Webster opined that the plaintiffs' property likely experienced a hailstorm on May 2, 2018, which falls outside of the coverage period.

Plaintiffs take issue with Webster's caveating his opinion with the word "likely," arguing that this "ambiguous term" means that Webster's conclusion is "a probability of a possibility." (Pls.' Mot. (dkt. #69) 2.) Plaintiffs also argue that Webster "provides no information on what diameters of hail hydrometeors actually cause damage to property,"

2

calling into question whether his finding that the May 2 storm created hail up to 0.75 inches in diameter is relevant. Finally, plaintiffs contend that Webster's simply sets forth raw weather radar data and "relies on no peer reviewed process to interpret this raw data." (*Id.* at 3.)

The admissibility of expert testimony in federal courts is governed principally by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

A district court functions as a "gatekeeper" regarding expert testimony. The court must determine whether a party's proffered expert testimony is relevant and reliable. *Daubert*, 509 U.S. at 589; *see also United States v. Johnsted*, 30 F. Supp. 3d 814, 816 (W.D. Wis. 2013) (the expert testimony must be "not only relevant, but reliable"). Although expert testimony is "liberally admissible under the Federal Rules of Evidence," *Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 723 (E.D. Wis. 2008), it must nevertheless satisfy the following three-part test:

3

> (1) the witness must be qualified "as an expert by knowledge, skill, experience, training, or education," Fed. R. Evid. 702;
>
> (2) the expert's reasoning or methodology underlying the testimony must be scientifically reliable, *Daubert*, 509 U.S. at 592-93; and
>
> (3) the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue, Fed. R. Evid. 702.

*Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

While Webster's opinion may be limited, he has reviewed meteorological radar data and has concluded to a reasonable degree of meteorological scientific certainty, it is likely that hail with a diameter up to 0.75 inches fell on plaintiffs' property on May 2, 2018. Plaintiffs have failed to establish how this opinion is unreliable. Webster relied on his expertise to interpret the raw data and provide an opinion. The fact that he did not conclude that it was "certain" that hail fell on plaintiffs' property on May 2, 2018, does not render his opinion unreliable or otherwise unhelpful to the jury. Plaintiffs may cross-examine Webster about the limited scope of his opinion, but the court will not strike it.

Moreover, the court also rejects plaintiffs' challenge to Webster's opinion based on the fact that he did not opine that hail measuring 0.75 inches could cause damage to property. This is not within the scope of his expertise, and the lack of this opinion in his report does not render his conclusion unreliable. Instead, defendant will need to demonstrate through other witnesses or evidence that the May 2, 2018, storm caused

damage to plaintiffs' property. Having rejected plaintiffs' challenges to the reliability of Webster's opinion, this motion is DENIED.

### C. MIL No. 3: exclude testimony regarding subsequent storms damaging the Beers' property

In this motion, plaintiffs seek to exclude any evidence that hailstorms after the policy period ended caused damage to plaintiffs' property. In support, plaintiffs argue that Travelers never raised subsequent hail damage as a bar to coverage, thereby waiving its right to raise this as a defense to coverage in this lawsuit.

In response, defendant argues that this evidence is relevant because it is plaintiffs' burden of proving that the damage at issue occurred during the policy period. Moreover, defendant represents that its claims professional Ryan Conklin testified at his deposition that "evidence of subsequent storms was a basis on which Travelers declined to submit coverage issues to the appraisal panel after learning the appraisal had proceeded." (Def.'s Opp'n (dkt. #80) 5 (citing Conklin Dep. (dkt. #80-6) 82-83).)

Because plaintiffs have failed to direct the court to any caselaw establishing that an insurance company cannot raise a defense to coverage that was not asserted during pre-lawsuit communications about coverage, and because there is at least some evidence that a subsequent hailstorm was provided as a reason for disputing coverage, this motion is DENIED. Of course, plaintiffs' counsel is free to point out as a factual matter any tardiness in defendant's assertion of this basis for denial of coverage.

### D. MIL No. 4: exclude testimony suggesting Mr. Beer interfered with the appraisal process

Next, plaintiffs seek to exclude any testimony suggesting that plaintiff Larry Beer interfered with the appraisal process. In particular, plaintiffs argue that it is "unreasonable to believe that anything Mr. Beer may have told his appraiser had any effect on the appraisal process," in light of the evidence that Travelers' appraisers determined their own loss estimate, and plaintiffs' appraiser signed off on it. (Pls.' Mot. (dkt. #69) 7.)

In response, defendant argues that there is ample evidence Beer described his distrust of Travelers repeatedly to his appraiser, David Miller, and this evidence gives rise to a reasonable inference that "Mr. Beer's interference had an effect on his appraiser, Mr. Miller." (Def.'s Opp'n (dkt. #80) 7.) Defendant stops short, however, of explaining how this evidence -- or any inference from this evidence -- is relevant to the claims remaining for trial. Defendant also points to its affirmative defense of lack of cooperation, but again stops short of explaining how evidence of Beer's statements to his appraiser about his lack of trust in Travelers is material to its defense.

While the court is inclined to grant this motion, the court will RESERVE to hear further, argument at the final pretrial conference as to the possible relevance of this evidence to the claims remaining for trial.

### E. MIL No. 5: exclude Travelers' expert Ray Pawlak

Finally, plaintiffs seek to exclude the testimony of Travelers' bad faith expert, Ray Pawlak, on the basis that it is no longer relevant in light of the court's summary judgment decision. Specifically, plaintiffs argue that Pawlak provided no opinion as to whether

6

Travelers acted in bad faith outside of the appraisal process. For example, Pawlak offered no opinion in response to plaintiffs' contention that Travelers acted in bad faith by failing to investigate the claim and reasonably evaluate the evidence.

In response, Travelers agrees that the court's summary judgment opinion moots Pawlak's testimony, but also contends that it renders moot the testimony of plaintiffs' bad faith expert, Dan Doucette. The court takes up defendant's argument as to Doucette below, but with respect to plaintiffs motion, it is GRANTED AS UNOPPOSED.

## II. Defendant's Motions *in Limine* and related motions

### A. MIL No. 1: exclude the Beers' expert Dan Doucet

As described immediately above, Travelers seeks to exclude expert Dan Doucet from testifying. In their motion, Travelers explains that Doucet's opinions were limited to its refusal to submit coverage issues to the appraisal. In light of the court's summary judgment decision that the appraisal provision does not contemplate submission of coverage issues, Travelers argues that Doucet's testimony is no longer relevant.[1]

In response, plaintiffs argue that Doucet's testimony as to Travelers' conduct with respect to the five areas where the parties agreed on coverage but disputed the amount of loss is relevant. The court, however, already found liability with respect to breach of contract and bad faith as to those five areas. Therefore, there is no outstanding question for the jury on these issues, and Doucet's testimony as to Travelers' bad faith in connection

---

[1] Travelers also argues that the Beers may not pursue a bad faith claim about conduct outside of the appraisal process, but the court previously granted plaintiffs leave to amend their complaint -- to the extent it was even necessary -- to add a bad faith claim based on Travelers' conduct throughout their review of the Beers' coverage claim.

7

to the appraisal process is not relevant.

Accordingly, this motion is GRANTED as to Doucet's opinions in his original report. The court takes up defendant's challenge to the opinions asserted in Doucet's supplemental report below.

### B. MIL No. 2: exclude Herb Virella's estimate and David Miller's draft appraisal award

In this motion, defendant seeks to exclude the loss estimate generated by appraiser Herb Virella, totaling $71,950.84 in replacement cost value and $60,362.96 in actual cash value, as well as an appraisal award drafted by appraiser David Miller in those same amounts. Defendant contends that these documents are inadmissible because "they are not based on sufficient facts or data, are the product of an unreliable methodology, and are irrelevant." (Def.'s Mot. (dkt. #73) 9.) Defendant first contends that the reports do not satisfy the requirements of expert testimony under Federal Rule of Evidence 702 because Miller testified at his deposition that he did not know whether the roof had to be totally replaced, therefore demonstrating that he simply adopted Beers' estimates and he did not inspect the roof. These are all grounds for cross-examination but do not render Miller or Virella's testimony so unreliable as to warrant striking it. Moreover, as plaintiffs point out in their opposition, these reports are, at minimum, relevant to prove the amount of loss to which Travelers expressly agreed to invoke the appraisal process, as well as the amount of damage to the garage roof, an item that Travelers did not submit to the appraisal process, but also to which it did not appear to contest coverage. Defendant also argues that these reports are not relevant unless plaintiffs establish a covered loss during the

8

coverage period. Fair enough, plaintiffs must demonstrate that the damage was caused by a hailstorm during the covered period. The fact that this is an element of their claim, however, does not render the report irrelevant, that will be for the jury to decide.

Alternatively, defendant argues that the replacement cost value on the reports should be excluded because the policy "entitles an insured to replacement cost value benefits only upon completion of repairs and after the insured has provided notice to seek replacement cost value within 180 days of the loss." (Def.'s Mot. (dkt. #73) 16.) In response, plaintiffs argue that the policy provision defendant relies on is not applicable, because it only is triggered if the policy holder initially submits a "claim under this policy for loss to buildings on an actual cash value basis." (Pls.' Opp'n (dkt. #81) 10 (citing Def.'s Mot., Ex. A ("Policy)" (dkt. #73-1) 23-24.) Moreover, plaintiffs contend that if defendant had acted in good faith, they would have been able to make the repairs and then seek replacement cost value.

Accordingly, defendant's motion to exclude these documents is DENIED, but the court will RESERVE on whether plaintiffs may pursue a contract claim for replacement cost value.

**C. In response, plaintiffs argue that MIL No. 3: exclude contractors' estimates**

Defendant seeks to exclude various estimates of work provided by plaintiffs on the basis that: these estimates do not prove that the loss was covered under the policy; instead, they reflect the cost to perform a stated scope of work. Again, a piece of evidence need not prove every element of a claim in order for it to be relevant. Plaintiffs may rely on these estimates to argue for loss or to otherwise show their efforts or cooperation in seeking

9

reimbursement. This motion is DENIED.

### D. MIL No. 4: exclude evidence of attorneys' fees

In this motion, defendant seeks to exclude any evidence of attorneys' fees on the basis that it asked for all documents "establishing or related to any category of damages referenced in the Complaint" and "at no time during this litigation have Plaintiffs produced any bills or other documentary evidence of the attorney's fees they have incurred." (Def.'s Mot. (dkt. #73) 20.) In response, plaintiffs represent that they have repeatedly indicated the amount of attorneys' fees and costs incurred to date in communications to Travelers. (Pls.' Opp'n (dkt. #81) 12 (quoting language from various letters describing fees "in excess of $20,000.00," on November 1, 2019, and most recently, in excess of $100,000.00 in a letter dated September 10, 2020).) Plaintiffs also point out that defendant never sought to compel written documentation of their fees.

The court is inclined to agree with plaintiffs that they adequately provided notice of their claim for attorneys' fees as part of their damages award and that defendant should have moved to compel if it wished to review billing records. Still, the court will RESERVE on this motion pending argument at the final pretrial conference.

### E. MIL No. 5: exclude damage to other properties

Defendant seeks to exclude testimony from other residents of Fennimore, attesting to a hail storm that caused property damage on March 23, 2017, and further testifying that they received coverage from their insurers for total roof replacement. In response, plaintiffs contend that testimony of plaintiffs' neighbors as to the fact that there was a

10

hailstorm on March 23, 2017, and the extent of property that they experienced at their properties is relevant to plaintiffs' claims here.  Plaintiffs also argue that the fact that their neighbors' insurers' investigated their claims and made payments is relevant to their bad faith claim.

Assuming these witnesses have adjacent or nearby properties to that of plaintiffs' residence, the court agrees with plaintiffs that their testimony that there was a hailstorm on March 23, 2017, and that the hailstorm resulted in property damage to their roofs or related property is relevant.  However, the court will not allow plaintiffs to elicit testimony about their insurers' treatment of their claims, finding that such testimony is only tangentially relevant to plaintiffs' claims, unless identical policy language applied OR Travelers was the insurance company, and its likely prejudicial effect will far outweigh any probative value.  As such, this motion is GRANTED IN PART AND DENIED IN PART.

F.  **MIL No. 6: exclude forensic opinions**

Defendant seeks to exclude any "forensic opinions regarding causation or the date of loss" as to Virella and Miller on the basis that neither were disclosed as offering those opinions, and they lack sufficient foundation to offer such opinions. (Def.'s Mot. (dkt. #73) 24.)  In this context, it is not entirely clear what defendant means by "forensic" opinions, but in response, plaintiffs do not oppose excluding any testimony about the age of the hail damage. Plaintiffs do, however, contend that both individuals testified at their depositions to the amount of loss caused by a hail storm. (Pls.' Opp'n (dkt. #81) 13-14.) Whether that satisfies plaintiffs' Rule 26 disclosure is open to debate, but because it is unclear what: was *is* in the experts' reports on this subject or disclosed during the

11

deposition, much less what specifically defendant seeks to exclude, the court will RESERVE on this motion. In advance of tomorrow's pretrial conference, plaintiffs are required to file with the court the Rule 26(a) disclosures for both and portions of their respective deposition that they want to elicit at trial, and defendant should be prepared to indicate what potions of either it wishes to exclude.

### G. Defendant's motion to strike plaintiffs' expert's supplemental opinions

Finally, as indicated above, defendant also moved to strike expert Dan Doucette's opinions as disclosed in a "supplemental" report on August 21, 2020. As defendant explains in its motion, at 9:09 a.m. on the day of Doucette's deposition set to begin at 9:30 a.m., plaintiffs produced a three-page, single-spaced document, containing seven opinions with 52 subparagraph bullets, titled "Outline of Supplemental Opinions Doucette." (Dkt. #55-3.) The document is unsigned and in many places does not include complete sentences or otherwise provide coherent opinions. True to its description it is an "outline" of sorts. In their briefing, the parties argue whether plaintiffs were substantially justified in providing a late disclosure, *see Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2044), and whether defendant was prejudiced by it. These arguments miss the mark.

Whatever this document is, it is not an expert report, supplemental or otherwise. As such, the court will GRANT defendant's motion. Doucette is limited to testifying as to the topics covered in his original report. Moreover, in light of the court's finding that the opinions disclosed in his original report are not relevant, it appears there is no grounds for Doucette testify at trial, although plaintiffs will be permitted to make a specific proffer at the final pretrial conference if they believe any of that testimony should be allowed in light

12

of the court's rulings above.

ORDER

IT IS ORDERED that:

1) Plaintiffs Larry Beer and Sharon Beer's motions *in limine* (dkt. #68) are GRANTED IN PART, DENIED IN PART AND RESERVED IN PART.

2) Defendant The Travelers Home and Marine Insurance Company's motions *in limine* (dkt. #73) are GRANTED IN PART, DENIED IN PART AND RESERVED IN PART.

3) Defendant's motion to strike supplemental opinions (dkt. #55) is GRANTED.

Entered this 23rd day of September, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge